IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                              

                                                    NO. 51,264-03



 

 

                          EX
PARTE DERRICK SEAN O=BRIEN, Applicant

 

                                                              



                    ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE NO. 9402971

FROM THE 184TH DISTRICT
COURT OF HARRIS COUNTY



 

 

Johnson, J., filed a dissenting statement.

 

 

D I S S E N T I N G   S T A T E M E
N T

 

 

This case presents questions about what legal
procedures are appropriate for challenging the execution protocol.

Are the provisions of Article 11.071 the proper
vehicle to challenge the constitutionality of the execution protocol used in
conducting an execution in Texas?  If not, what is the proper vehicle?

 

What is the proper legal method for presenting facts
regarding and challenging the execution protocol used in conducting an
execution in Texas?








Analogous procedural issues in the federal system
are under review in Hill v. Crosby, 126 S.Ct. 1189 (2006)(argued and
pending decision).  The underlying issue of the execution protocol is the same
in this case as in Hill.

The issue of the proper legal procedure for
challenges to execution protocols must be addressed at some point.  We very
recently said, albeit in an unpublished opinion, that a challenge is not ripe
until the execution is Aimminent.@  Doyle v. State, No. 74, 960 (Tex. Crim.
App., delivered May 10, 2006).  AImminent@ means Alikely to occur at any moment; impending.@  Webster=s Encyclopedic Unabridged Dictionary of the English
Language (Gramercy Books 1989).  The concurrence says that the challenge is
ripe once a death date is set, although the Court has not said that.  Death
dates are set months in the future and so are not Aimminent@ when set.  If both positions are taken as
authoritative, both the applicant and the Court are caught in a Catch-22; the
challenge cannot be raised or heard until it is Aimminent,@ yet it must be raised and heard as soon as the death date is set. 
Thus these important issues can never be reviewed.

Accepting arguendo that the current mixture of drugs
does not violate constitutional protections, the issue must still be
addressed.  We cannot say that the protocol will never change.  A different
protocol may indeed violate constitutional guarantees.  We will be then faced
with the same legal issues we face today, and they will still be unresolved and
unresolvable because such challenges will always be both unripe and over-ripe.

I respectfully dissent.

 

Filed:
May 17, 2006

Publish